```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

CAROL PEARCE,

                  Plaintiff,                    14 Civ. 6836

     -against-                                  OPINION


HOME DEPOT U.S.A., Inc.,

                  Defendant.

-----------------------------------------X

A P P E A R A N C E S:

          Attorneys for Plaintiff

          MARK B. RUBIN, P.C.
          3413 White Plains Road
          Bronx, NY 10583
          By:  Mark B. Rubin
               Frederick J. Salanitro


          Attorneys for Defendant

          BRODY & BRANCH LLP
          205 Lexington Avenue, 4th Floor
          New York, NY 10016
          By:  Tanya M. Branch, Esq.
               Alexander Shindler, Esq.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/30/16

**Sweet, D.J.**

Defendant Home Depot U.S.A, Inc. ("Home Depot" or the "Defendant") has moved pursuant to Rule 56, F. R. Civ. P. for summary judgment dismissing the complaint of plaintiff Carol Pearce ("Pearce" or the "Plaintiff"). Based upon the findings and conclusions set forth below, the motion is denied.

**Prior Proceedings**

The Plaintiff initiated this action on June 26, 2014 in the Supreme Court of the State of New York, County of the Bronx alleging an injury resulting from a slip and fall at Defendant's store on Gun Hill Road on August 5, 2013. On August 21, 2014, Defendant removed the case to federal court under 28 U.S.C. 1446(a) based on diversity jurisdiction. Discovery proceeded and the instant motion was filed on March 18, 2016 and was heard and marked fully submitted on April 21, 2016.

**The Facts**

The facts have been set forth in the Defendant's Statement of Material Facts per Local Civil Rule 56.1(a) and

1

Plaintiff's Local and Civil Rule 56.1(b) Statement and are not in dispute except as noted below.

Pearce slipped and fell in the Home Depot Store around 8:35 a.m. on August 5, 2013. She and an eyewitness, J. Frank Vasquez ("Vasquez") testified that the floor where she fell was wet and caused her fall.

Stephen Harris ("Harris"), the Operations Manager at the store, Bruce Taylor ("Taylor"), the Asset Protection Manager at the store, Victor Martinez ("Martinez"), the Asset Protection Specialist, and Elijahu Adamsby ("Adamsby"), a loss protection officer, employed by Metro One Loss Prevention Services Group, testified that they did not observe any wetness on the floor. Adamsby also testified that the floors were usually cleaned prior to the start of his tour at 6 a.m. by a Zamboni machine.

Defendant showed Plaintiff a surveillance video of 23 seconds, and she testified it accurately portrayed her fall. This video was later produced in discovery. Harris and Taylor viewed the video and testified that the object in front of the location where Pearce fell was a display and not a Zamboni. The portion of the video before and after the Plaintiff's fall was

erased by Home Depot during the three weeks between the incident and the request of Plaintiff's counsel to preserve the video.

Harris prepared a claim folder in which he noted Plaintiff's statement and his observations. He did not take any photographs. The Defendant has not retained the claim folder.

**The Applicable Standard**

Summary judgment is appropriate only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The relevant inquiry on application for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. A court is not charged with weighing the evidence and determining its truth, but with determining whether there is a genuine issue for trial. Westinghouse Elec. Corp. v. N.Y. City Transit Auth., 735 F. Supp. 1205, 1212 (S.D.N.Y. 1990) (quoting Anderson, 477 U.S. at 249). "[T]he mere existence of

some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine issue of material fact*." Anderson, 477 U.S. at 247-48 (emphasis in original).

**Destruction of Video and Documentary Evidence Precludes Summary Judgment on Constructive Notice**

This case was removed to federal court based on diversity jurisdiction, which means that the court applies federal common law and state substantive law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Here, the Court applies New York state law for negligence. Under New York negligence law, "a defendant moving for summary judgment must make a prima facie showing that it did *not* create the dangerous condition or that it had no actual or constructive notice." Painchault v. Target Corp., No. 09-Civ-1831 (NGG)(RML), 2011 WL 4344150, at *3 (Sept. 14, 2011) (emphasis in original). Plaintiff will bear the burden at trial of showing that Defendant had actual or constructive notice of the condition causing her fall. For that reason, the Court must grant summary judgment if "the record contains no evidence establishing a genuine issue of material fact with respect to causation, actual notice, or constructive notice." Tenay v.

4

Culinary Teachers Ass'n of Hyde Park, 281 F. App'x 11, 13 (2d Cir. 2008).

In this case, Plaintiff does not argue that Defendant had actual notice of the wet condition of the floor, but instead her attorney's affidavit can best be interpreted as arguing that Defendant had constructive notice of the wet condition of the floor. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." Gordon v. Am. Museum of Natural History, 67 N.Y.2d 836, 837, 492 N.E.2d 774, 501 N.Y.S.2d 646 (1986). However, "[t]he mere existence of a foreign substance, without more, is insufficient to support a claim of negligence." Segretti v. Shorenstein Co., East L.P., 256 A.D.2d 234, 682 N.Y.S.2d 176, 178 (1st Dep't 1998).

In this case, the Court cannot determine whether the liquid Plaintiff slipped on even existed -- and if so for how long -- because Defendant destroyed key evidence for this case. First, a factual conflict exists with respect to the condition of the floor. Two witnesses testified the floor was wet, three testified that the floor was dry. The condition of the floor in the video and the length of time it was wet is in dispute and

5

remains a contested issue of material fact that must be determined at trial. Anderson, 477 U.S. at 247-48.

Viewing the facts in the light most favorable to the nonmoving party, there was wetness on the floor of the store where Plaintiff tripped. Assuming the floor was wet, the Court must determine if the wetness was on the floor for long enough to constitute constructive notice under New York law. Gordon v. Am. Museum of Natural History, 67 N.Y.2d at 837. Adamsby testified that it was customary for the Zamboni to clean the floor prior to 6 a.m. and the Plaintiff and Vasquez testified that the floor was wet, which creates a factual issue as to how long the floor was wet (if at all) after the Zamboni cleaned the floor between 6 a.m. and Plaintiff's accident.

However, the failure of the Defendant to preserve the video before and after the accident makes it impossible to know how long the wetness was on the floor and if the condition was even created by the Zamboni. Defendant had a security video of the area where Plaintiff slipped and fell, but only preserved 23 seconds of the video instead of the full video from that day or any reasonable amount of footage that would enable Plaintiff and the Court to determine if Defendant had constructive notice.

New York courts have "broad discretion to provide proportionate relief to the party deprived of the lost evidence" including that courts may impose "an adverse inference instruction" against the party that destroyed evidence. Ortega v. City of New York, 9 N.Y.3d 69, 76, 876 N.E.2d 1189, 845 N.Y.S.2d 773 (2007). In this case, Defendant destroyed a part of the video that "prevented the plaintiff from obtaining evidence from which a trier of fact may have been able to reasonably infer" that Defendant had constructive notice about the wet condition of the floor based on how long it existed before her accident. Dorsa v. National Amusements, Inc., 6 A.D.3d 652, 653, 776 N.Y.S.2d 583 (2d Dep't 2004). Just as in Dorsa, this motion for summary judgment is denied because as a result of Defendant's destruction of evidence the Court draws the inference that the wetness was on the floor existed for a sufficient amount of time to constitute constructive notice.

**Conclusion**

Based upon the findings and conclusions set forth above, Defendant's motion for summary judgment is denied.

It is so ordered.

New York, NY
August 30, 2016

ROBERT W. SWEET
U.S.D.J.